UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NEIL ROSENSTEIN,               :        Civil No. 11-0328 (RMB)
                               :
            Petitioner,        :
                               :
       v.                      :        **MEMORANDUM OPINION**
                               :
FED. BUREAU OF PRISONS, et     :
al.,                           :
                               :
            Respondents.       :
_____:

It appearing that:

1. On or about January 20, 2011, Neil Rosenstein, an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that respondents are violating the Second Chance Act, see 18 U.S.C. § 3624(c), by refusing to consider inmates for a 12-month placement in a community corrections center ("CCC"), also known as a residential reentry center ("RRC").

2. Petitioner is serving a 51-month term of imprisonment imposed by judgment of this Court filed November 6, 2008, based on his guilty plea to possession of child pornography. See United States v. Rosenstein, Crim. No. 08-0325 (WHW) judgment (D.N.J. Nov. 6, 2008). The Bureau of Prisons ("BOP") has calculated Petitioner's projected release date as October 20, 2012. Petitioner asserts:

> Given (1) the statements of BOP Director Lappin, unsupported by any published research, before the U.S. Sentencing Commission in July 2008, articulating his

> bias against inmate placements beyond six
> months in an RRC; and (2) the restrictive
> wording of the April 14 and November 14, 2008
> memoranda . . . ; (3) the failure of the BOP
> to implement the required incentive program
> to recognize each inmate's programming
> achievements against their Inmate Skills
> Development Plan goals . . . ; and (4) the
> wording in the recent June 24, 2010 memo
> which <u>categorizes</u> inmates to various risks of
> recidivism, and based on those risks suggests
> certain pre-established guidelines for the
> duration of inmate RRC placements, taken in
> totality demonstrates the BOP's <u>fixed and
> inflexible</u> position on their procedures which
> deny <u>each inmate</u> of <u>true consideration</u> on an
> individual basis of a placement decision of
> the <u>longest duration</u> - 12 months - which this
> Court determined was the intent of Congress .
> . . .  Given the nearly two year history of
> the BOP's actions as demonstrated on the
> restrictive wording of the Director's remarks
> and the three internal BOP memoranda, this
> Honorable Court can quickly ascertain that
> the Respondents have failed to implement the
> specific provisions of the Act as described
> herein.  Further, with that failure to comply
> with the intent of Congress and those stated
> provisions, the Petitioner asserts that he
> cannot be given true consideration, with
> special priority to his reentry needs, of a
> prerelease placement in an RRC of the
> greatest duration that would otherwise ensure
> his "greatest likelihood of successful
> reintegration into the community."

(Docket Entry #1, pp.  19-20.)

    3.  Petitioner does not indicate in the Petition that the BOP has made any determination with respect to his prerelease custody placement date in a CCC/RRC.  Nor does he maintain that he submitted an administrative remedy request or administrative

appeal with respect to the BOP's failure to make a timely CCC/RRC placement determination in his case.

4. The BOP decides an inmate's CCC/RRC placement date when there are 17 to 19 months remaining on the sentence. See <u>Stanko v. Obama</u>, 393 Fed. App'x 849, 851 (3d Cir. 2010). Petitioner filed this Petition 21 months before his projected release date of October 20, 2012, and two to four months prior to the date on which the BOP would normally determine Petitioner's appropriate prerelease placement date.

5. To have standing to bring a claim, a plaintiff must demonstrate a concrete and particularized, actual or imminent, injury in fact, <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992), and "cannot rest his claim on the rights or interests of third parties" or merely assert a harm that is a generalized grievance "shared in substantially equal measure by all or a large class of citizens," <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975).

6. Because no CCC/RRC placement decision has been made with respect to Petitioner and Petitioner filed the Petition two to four months prior to the time such placement decisions is properly made, Petitioner lacks standing to bring the claim asserted in this Petition. See <u>Stanko</u>, 393 Fed. App'x at 851 (holding that federal inmate lacked standing to challenge application of the Second Chance Act to him where, at the time he

3

filed petition, no CCC placement decision had been made and application of the Act was speculative).  This Court will dismiss the Petition for lack of standing.

    7.  An appropriate Order accompanies this Opinion.


                                             s/Renée Marie Bumb
                                             **RENÉE MARIE BUMB**
                                             United States District Judge

Dated: February 28, 2011